Filed 9/28/22  P. v. Duenas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096005 |
| v. | (Super. Ct. No. STK-CR-FE-2010-0007199) |
| NOAH EUGENE DUENAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Noah Duenas asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief claiming the trial court erred in denying his petition for resentencing under Penal Code section 1172.6.[1]

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to become section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

1

Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

The background comes from this court's prior opinion in defendant's direct appeal. (*People v. Duenas* (May 21, 2014, C070823) [nonpub. opn.] (*Duenas*).) We granted defendant's request to incorporate by reference case No. C070823.

Defendant was conversing with Jose "Boo" Lua when defendant suddenly shot Lua in the head and fled the scene. Defendant said he shot Lua in self-defense because Lua verbally threatened defendant and a family member. The jury found defendant guilty of first degree murder and found he personally and intentionally discharged a firearm causing Lua's death. Defendant received a sentence of 50 years to life in prison. (*Duenas, supra*, C070823.)

This court affirmed the judgment. Among other things, defendant argued on appeal that there was insufficient evidence to support the jury's premeditation and deliberation finding. After reviewing the record, this court concluded that based on the manner and circumstances of the killing, the evidence was sufficient to support the jury's finding. (*Duenas, supra*, C070823.)

On February 28, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The form petition had boxes checked asserting defendant was convicted of murder under a theory of felony murder or the natural and probable consequences doctrine and could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant requested appointment of counsel.

On March 7, 2022, the trial court summarily denied defendant's petition by written order, stating that defendant had not made a prima facie showing because he was convicted of personally discharging a firearm and he testified that he was the shooter.

2

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. With this court's permission, defendant filed a supplemental brief after 30 days.

We need not address whether and under what circumstances the protections afforded by *Wende* apply to this appeal. Because counsel asked for *Wende* review and defendant filed a supplemental brief, we exercise our discretion to review the case.

Defendant's supplemental brief challenges the trial court's denial of his petition for resentencing, arguing the trial court should have appointed counsel for him. We conclude the error was harmless.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015, § 4; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.) It amended sections 188 and 189 " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

The bill also added what is now section 1172.6, which permits persons convicted of felony murder or murder under the natural and probable consequences doctrine to petition for resentencing if the person "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).) After a properly filed petition is received, the process is as follows: (1) the trial court must appoint counsel, if requested, (2) the prosecutor files a response, (3) the defendant may file a reply, and (4) the trial court shall

hold a hearing to determine whether the petitioner has made a prima facie case for relief. (§ 1172.6, subds. (b)-(c).) If a prima facie case is made, the trial court must issue an order to show cause and hold an evidentiary hearing where the prosecutor must then establish, beyond a reasonable doubt, that defendant is guilty of murder or attempted murder under amended sections 188 or 189. (§ 1172.6, subd. (d)(1)-(3).) If the trial court declines to issue an order to show cause, it must provide a statement fully setting forth its reasons for doing so. (§ 1172.6, subd. (c).)

We agree with defendant that the trial court should have appointed counsel for him. In addition, the trial court should have held a prima facie hearing. But the errors were harmless. The *Watson*[2] standard is applied to procedural errors made under section 1172.6. (*Lewis, supra*, 11 Cal.5th at p. 973.) Defendant must show it is reasonably probable his petition would have proceeded to an evidentiary hearing if the proper prima facie procedures had been followed. (*Id*. at p. 974; see also *People v. Watson, supra*, 46 Cal.2d at p. 836.)

Here, however, the jury convicted defendant of murder with premeditation and deliberation, and this court upheld the jury's finding of deliberation and premeditation in his direct appeal, an analysis properly considered in evaluating defendant's petition for resentencing. (*Lewis, supra*, 11 Cal.5th at p. 972.) In addition, defendant admitted shooting Lua. Although he claimed self-defense, the jury must have rejected the claim. And as the actual killer, the changes to sections 188 and 189 brought about by Senate Bill No. 1437 are inapplicable to defendant. (See, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 59-60 ["Harden's record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that she was the actual killer. . . . The trial court, therefore, correctly denied her petition at the prima facie

_____

[2] *People v. Watson* (1956) 46 Cal.2d 818.

stage."].)  On this record, it is not reasonably probable defendant could have made a prima facie showing had the trial court appointed counsel and held a prima facie hearing.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order denying defendant petition for resentencing is affirmed.


                                                      /S/
                                            MAURO, Acting P. J.



We concur:



        /S/
HOCH, J.



        /S/
BOULWARE EURIE, J.

5